ROSALIE ASTELL v. AMERICAN CENTRAL INSURANCE COMPANY and Others.[1]

April 21, 1911.

Nos. 17,064—(56).

**Insurance — selection of third referee.**

The selection of a third referee by the two chosen by the insured and the company, under the provisions of the standard policy of fire insurance, need not be in writing. The evidence in this case sustains the finding of the trial court that the third referee was selected.

**Same.**

The fact that the two referees, after orally agreeing upon and selecting the third referee, agree to thereafter sign a writing naming the referee so selected, does not show that the oral selection was not intended to be definite or final.

[1] Reported in 130 N. W. 1002.

Same.

> The third referee may · be selected before the two chosen by the parties have qualified.

Action in the district court for Washington county against three insurance companies to recover $1,757.14 upon an award of referees appointed under the terms of certain fire insurance policies. Among other matters the answer alleged that plaintiff and defendants failed to agree upon the amount of loss and specifically denied that the matter of the loss was ever referred to a board of referees, or that any board was ever appointed or returned' an award in respect to the ,claim of plaintiff. The reply was a general denial. The case was tried before Stolberg, J., who made findings ,of fact and as conclusion of law ordered judgment in favor of plaintiff for $585.71. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Kerr & Fowler*, for appellants. .

*H. H. Gillen*, for respondent.

BUNN, J.

Plaintiff was the owner of a laundry in Stillwater, and each defendant issued to her its policy of insurance against loss or damage by fire to the fixtures, machinery, and furniture in the laundry. While the policies were in force a fire occurred, causing loss and damage to the property. Plaintiff made and served notice of loss. Thereafter plaintiff and defendants undertook to adjust the loss, but failed to agree, and on December 13, 1909, agreed to refer the amount of such loss to referees, under the provisions of the policies. Plaintiff selected one referee, and defendants another, and those two were to select a third. This submission agreement was in writing. The referees so chosen did not agree upon the third arbitrator before January 3, 1910, and the chief point of controversy is whether they did or did not agree upon the third referee on this day; plaintiff contending that there was an oral agreement selecting E. H. Payte, and defendants claiming that there was no such agreement. It is admitted that there was never any selection in writing. Hollihan,

the referee named by plaintiff, and Payte, after notice to defendants and to Webster, the referee named by defendants, of the time and place of meeting, met, appraised the loss, and made an award. Defendants and Webster took no part in the hearing, and Webster did not sign the award. Defendants protested against the action of Hollihan and Payte, insisted that the third referee had never been selected, demanded a further submission, and offered to leave the selection of the third referee to the court. Plaintiff declined to enter into a new submission, or to permit the court to name the third referee, but insisted upon the validity of the award, and brought this action against the defendants to recover from each its proportion thereof.

The trial court found as a fact that Hollihan and Webster selected and agreed upon Payte as third referee. Defendants assail this finding as not sustained by the evidence. They claim that, even if there was an oral agreement, it was understood that Hollihan and Webster were to sign a writing naming the third referee, and that the selection was not complete or final until the writing was signed. They also make the point that the referees named by the parties could not select the third before they had qualified as referees.

The finding of the court that the oral agreement was made cannot be disturbed. The evidence of Hollihan sustains it.

There is nothing in the standard policy or in the statute that requires the selection to be in writing, and we find no ground for holding that an oral selection is not valid. This is not analogous to a case where the evidence shows that the parties to a contract did not intend their oral agreement to be final, but did intend to reduce it to writing and execute it. The mere fact that the referees intended to sign a writing naming Payte, in accordance with their oral agreement, does not show that their oral selection was not intended to be definite and final. There is no merit in the point that the referees named by the parties could not select the third referee before they had qualified. The fact that plaintiff, in her notice of loss, claimed a loss much less than the amount of the award, is not sufficient to prove that the award was void because excessive. Defendants had

the right to try out any question of fraud or mistake in the award, but did not offer evidence on this issue.

We conclude that the findings of fact are sustained by the evidence, and that the conclusion of law that plaintiff was entitled to judgment is sustained by the facts found.

Order affirmed.